# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:00-CR-00008-FDW

| | |
|---|---|
| **UNITED STATES** ) | |
| ) | |
| ) | |
| ) | |
| **vs.** ) | **ORDER** |
| ) | |
| **ELIZABETH MARIE RUSHING,** ) | |
| **Defendant,** ) | |

THIS MATTER is before the Court on Petitioner's "Motion For Relief From Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(4)." (Doc. No. 337.) The Court will briefly address Petitioner's substantive claims before addressing certain procedural defects in her motion.

Petitioner claims that the Court did not have subject matter jurisdiction over her case because the Court failed to conduct "any fact finding or other confirmation." (Doc. No. 337, p.3.) In support of her argument, Petitioner contends that 18 U.S.C. § 3231 is void, thus indicating the Court lacks subject matter jurisdiction. Petitioner's claim is wholly without merit. Not only is 18 U.S.C. § 3231 binding law, it is the basis of the Court's jurisdiction over "all offenses against the laws of the United States," 18 U.S.C. § 3231, including the charges brought against Petitioner in her indictment.

Additionally, Petitioner errs in her application of the Federal Rules of Civil Procedure to her criminal conviction. The method by which a federal prisoner may "challenge the validity of his conviction or sentence" is a motion under 28 U.S.C. § 2255. Williams v. Felts, No. 5:06CV01043, 2008 WL 2324607, at *1-2 (S.D.W. Va. June 5, 2008). Rule 60(b)(4) can only be used to call into question a previous civil judgment. However, Petitioner does not argue that the Court had no subject matter jurisdiction over her § 2255 motion, the only possible civil

judgment with respect to Petitioner. Instead, her motion claims that the Court had no jurisdiction over her criminal case. Such a claim is inconsistent with the purpose of a 60(b)(4) motion. Her present motion does not challenge the validity of her previous § 2255 proceedings but instead challenges the validity of her criminal conviction and sentence.

Despite Petitioner's insistence that "this motion is pursuant to [Rule 60(b)(4)], and in no way should it be construed as a Habeas Corpus Petition under … [28 U.S.C. § 2255]" (Doc. No. 337, p. 1), the substance of her argument indicates otherwise. Petitioner's present motion is essentially what the Eleventh Circuit categorized as a "successive § 2255 motion in 60(b)'s clothing." Lazo v. United States, 314, F.3d 571, 573 (11th Cir. 2002).

A motion to vacate, correct, or set aside a sentence pursuant to 28 U.S.C. § 2255 is the proper vehicle by which to accomplish what Petitioner's motion argues. However, since Petitioner has already exhausted her first motion under § 2255, this motion is a "second or successive" motion under 28 U.S.C. § 2255 and she must obtain a certification from the Fourth Circuit in order to bring a successive claim. See 28 U.S.C. § 2255, ¶ 8. In fact, the Fourth Circuit has already declined to certify a previous motion for just such a purpose. (Doc. No. 336.) Lacking certification, Petitioner's motion must be dismissed.

IT IS, THEREFORE, ORDERED that Petitioner's Motion (Doc. No. 337) is DISMISSED.

IT IS SO ORDERED.

Signed: July 7, 2008

Frank D. Whitney
United States District Judge