UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:00-cr-00008-FDW

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| (7) ELIZABETH MARIE RUSHING, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 418). Also before the Court is Defendant's Motion for Reconsideration. (Doc. No. 420).

Defendant was charged on March 9, 2000, in a superseding indictment, with three counts, two counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1) and 2, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956. (Doc. No. 68). Defendant was arrested on June 19, 2000, made her initial appearance on June 23, 2000, and, on June 28, 2000, the court ordered her detained pending trial. (Doc. No. 109). Defendant elected to go to trial. Trial commenced on August 29, 2000, and the jury returned a verdict on September 28, 2000, convicting Defendant on each of the three counts with which she was charged. (Doc. No. 182). On December 14, 2000, Defendant was sentenced to 240 months imprisonment one each of Counts 26 and 27, to run concurrently, and 53 months imprisonment on Count 41, to run consecutively with the sentence on Counts 26 and 27. Judgment was entered December 27, 2000. (Doc. No. 239).

Defendant filed a letter with the Warden of Alderson Prison on July 31, 2019, requesting consideration for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant's

1

request for reduction in sentence was denied on August 22, 2019. (Doc. No. 418-1, pp. 1, 6, 12). Defendant filed a Request for Administrative Remedy on September 12, 2019, which was denied on September 17, 2019. (Doc. No. 418-1, p. 6-7). Defendant filed a Regional Administrative Remedy Appeal on September 24, 2019, which was denied on October 30, 2019. (Doc. No. 418-1, p. 8). Defendant filed a Central Office Administrative Remedy Appeal on November 14, 2019, which was denied on January 21, 2020. (Doc. No. 418-1, p. 9-10).

On March 30, 2020, a supplemental letter from Defendant was filed with the Court. (Doc. No. 420). In that letter, Defendant wrote that "COVID-19 pandemic is a compelling and extraordinary reason [she] would like to add for consideration to [her] compassionate release request." Id. at 1. In addition to general arguments regarding COVID-19 and prison populations, Defendant asserted that at her age (53 about to turn 54) and her diagnosis of Chronic Obstructive Pulmonary Disease ("CPOD") put her at higher risk and provided additional reasons for her motion to be granted. Id. at 3.

The Government has filed a Response in Opposition to Defendant's Motion. (Doc. No. 421). The Government argues that Defendant's motion should be denied because (1) Defendant does not have a medical condition warranting a reduction; (2) she has not shown that she is eligible for a reduction based on her age or other factors; and (3) she has not established an extraordinary and compelling reason to warrant such a reduction. Id. With regard to the COVID-19 argument raised in Defendant's March 30, 2020 filing, the Government argues that Defendant's COVID-19 argument is not properly before this Court because she has not exhausted her remedies before the Bureau of Prisons with regard to that argument. Id. at 10.

2

The Court has considered the parties' arguments and has determined that Defendant is not entitled to compassionate release pursuant to § 18 U.S.C. § 3582(c)(1)(A).

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warder of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the danger is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)…[1]

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1). The sentencing Commission's policy statement with regards to compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

(A) Medical Condition of the Defendant –

> (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….

---

[1] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

(ii) The defendant is –

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, application note 1; see also 28 U.S.C. § 994 (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction).

Rehabilitation, by itself, is not an extraordinary and compelling reason for sentence reduction. U.S.S.G. § 1B1.13, application note 3.

Assuming that Defendant has satisfied § 3582(c)(1)'s exhaustion requirement, she does not qualify for relief based on the extraordinary or compelling circumstances under subsection (i). [2]

---

[2] Defendant does not seek relief under subsection (ii) of 18 U.S.C. § 3582(c)(1)(A), nor is such relief available to her, as she is neither 70 years old nor has served at least 30 years in prison.

4

First, Defendant has failed to demonstrate the existence of "extraordinary and compelling reasons to supporting her Motion pursuant to § 3582(c)(1)(A)(i). Defendant does not assert that she has a terminal or serious health condition or deterioration in physical or mental health due to aging or family circumstances that would support release under subsections A, B, or C of U.S.S.C. § 1B1.13, application note 1.

Nor does Defendant identify any other circumstances that are "extraordinary and compelling" under subsection D of the applicable policy statement. In particular, Defendant argues that her sentence presents extraordinary and compelling reasons because of (1) the length of her sentence, (2) the fact she elected to go to trial and, therefore, did not receive a reduction for acceptance of responsibility, (3) the fact that she was not represented by counsel when the guidelines were mandatory; and (4) because of her record of rehabilitation. See (Doc. No. 418-1, p. 1-3). There is nothing extraordinary and compelling about these reasons. With regard to calculation of her sentence, Defendant was treated the same as every defendant who elects to go to trial and every other defendant who declines representation by counsel. Similarly, while she received a lengthy sentence, that sentence is not extraordinary and compelling, as her sentence, like every defendant at the time, was determined by the Guidelines at the time. Finally, while she provides significant evidence of rehabilitation, the law is clear that rehabilitation, by itself, is not an extraordinary and compelling reason for sentence reduction. U.S.S.G. § 1B1.13, application note 3. Although her desire to spend the remainder of her sentence at home is understandable and her efforts at rehabilitation are commendable, neither is an extraordinary or compelling circumstance under any measure. Because Defendant has failed to make the required showing, her claim under subsection 3582(c)(1)(A)(i) is DENIED.

Lastly, on March 30, 2020, Defendant filed a supplement to her motion, arguing that "COVID-19 pandemic is a compelling and extraordinary reason [she] would like to add for consideration to [her] compassionate release request." (Doc. No. 420, p. 1). In addition to general arguments regarding COVID-19 and prison populations, Defendant asserted that at her age (53 about to turn 54) and her diagnosis of Chronic Obstructive Pulmonary Disease ("COPD") put her at higher risk and provided additional reasons for her motion to be granted. Id. at 3. Defendant is required by 18 U.S.C. § 3582(c)(1)(A) to exhaust her remedies before the Bureau of Prisons. She has not done so with regard to her COVID-19 related argument in support of compassionate release. See United States v. Raia, --- F.3d ---, 2020 WL 1647922, *2 (3d Cir. Apr. 2, 2020); United States v. Gileno, No. 3:19-cr-161-(VAB)-1, 2020 WL 1307108, *3 (D. Conn. Mar. 19, 2020).[3] Accordingly, Defendant's Motion for Reconsideration (Doc. No. 420) is DENIED.

For all of the foregoing reasons, Defendant has failed to demonstrate that she should be granted compassionate release and therefore her Motions will be denied.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Compassionate Release under § 18 U.S.C. § 3582(c)(1)(A) (Doc No. 418) and Motion for Reconsideration (Doc. No. 420) are **DENIED**.

Signed: April 20, 2020

Frank D. Whitney
Chief United States District Judge

---

[3] The Attorney General has issued two Memorandum to BOP with regard to the Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic. The first, dated March 26, 2020, provided a non-exhaustive list for BOP to consider, including the age and vulnerability of the inmate to COVID-19, the security level of the facility, the inmate's conduct in prison, the inmate's score under PATTERN, whether the inmate had demonstrated and verifiable re-entry plan to prevent recidivism and maximize public safety, and the inmate's crime of conviction. The second, dated April 3, 2020, directs BOP to immediately maximize appropriate transfers to home confinement for appropriate inmates from facilities where COVID-19 is materially affecting operations and to expand the review to include all at-risk inmates, not just those previously eligible for transfer.